[Civ. No. 6441. Second Appellate District, Division Two.—October 28, 1930.]

ALFRED E. DENNIS et al., Respondents, v. H. D. COWAN, Appellant.

Victor Ford Collins for Appellant.

Alfred E. Dennis and C. E. Spencer, *in pro. per.*, for Respondents.

SCHMIDT, J., *pro tem.*—Respondents brought suit in the lower court on a promissory note in the sum of $1250 alleged to have been given in payment of legal services rendered. By answer appellant set up the defense of want of consideration and failure of consideration in that the attorneys acted against the interests of appellant, and in that the services were rendered under a written agreement that a fee should be charged only if at the conclusion of a trusteeship of appellant's property for the benefit of creditors there was any salvage. Appellant was the owner of a showcase and fixture factory and was in financial difficulties. Pursuant to a recommendation of one of his creditors, appellant consulted respondents, who at that time were the attorneys for Charles E. Clifford Company, a creditor of appellant, and as such attorneys for said creditor were threatening attachment proceedings against appellant. After consultation between appellant and respondent Spencer, an employment was agreed upon whereby appellant paid to respondent Spencer $75, and upon the recommendation of respondent Spencer, appellant assigned all of his property for the benefit of creditors to three trustees, one of whom was respondent Spencer, with the understanding that Spencer "will act as one of the trustees and will keep in close touch with your (appellant's) business as he has been doing for the last few days; he will counsel and advise you whenever necessary in connection with the matter and assist in working out your finances".

"At the conclusion of the trusteeship if there is any salvage and property returned to you, you shall at that time pay us a reasonable fee for all services rendered, which fee shall not be less than $2,500.00, and may be more if the services which are rendered are reasonably worth more."

During the course of the trusteeship appellant apparently became dissatisfied with the services rendered by respondent Spencer and employed other counsel, after which a compromise was reached between appellant and his creditors. Respondent Spencer, acting on behalf of the Charles Clifford Company, declined to sign the compromise or permit the Charles Clifford Company to sign same until all other creditors had signed and until appellant had paid him in cash

the sum of $500 and executed the promissory note sued upon. It must be borne in mind that at this juncture appellant was being counseled by another attorney and actually did pay to respondent Spencer said sum of $500 and did execute the promissory note sued upon. Subsequently two payments were made upon the note of $50 each. When no other payments were made suit was brought.

At the conclusion of the trial the court rendered judgment in favor of respondents, making findings of fact, finding, among other facts, "plaintiffs were employed by defendant to render services as attorneys and also to render other services to defendant, and they did render such services, and that defendant paid them therefor the sum of $300 at the conclusion of said services and delivered to them the promissory note sued upon here; that at said time defendant was represented by other counsel and the consideration for said note and for said cash payment was adequate".

The evidence was conflicting as to the services rendered and the value thereof. The court having found in favor of respondents upon the conflict, this court will not disturb such finding.

Appellant claims that by reason of the original employment, to wit, the payment of the $75, and that the fee to be paid respondents was conditioned that "at the conclusion of the trusteeship if there is any salvage and property returned" precluded respondents from obtaining any fee whatever. With this we cannot agree, for it was the privilege of appellant to discharge respondents as his counsel and employ other counsel and it was perfectly proper for appellant to agree to pay respondents a fee for the services rendered up to the time of the discharge, and this in lieu of what respondents might have received, if anything, under the original employment.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.